**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4425**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HOPE LANITA JACKSON-FORSYTHE,

        Defendant - Appellant.

_____

**No. 12-4430**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

EDWARDO MANUELL FORSYTHE,

        Defendant - Appellant.

_____

Appeals from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:11-cr-00202-2; 3:11-cr-00202-1)

_____

Submitted: November 20, 2012    Decided: November 29, 2012

_____

Before WILKINSON, WYNN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

———————

Louie T. Price, HOLROYD & YOST, Charleston, West Virginia; John A. Proctor, PROCTOR LAW OFFICES, PLLC, Huntington, West Virginia, for Appellants. R. Booth Goodwin, II, United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hope Lanita Jackson-Forsythe ("Hope") and Edwardo Manuell Forsythe appeal their convictions, entered pursuant to their conditional guilty pleas to an indictment charging them each with one count of possession with intent to distribute oxycodone and oxymorphone, and aiding and abetting each other in that offense, in violation of 21 U.S.C. § 841(a)(1) (2006) and 18 U.S.C. § 2 (2006). On appeal, Appellants challenge the district court's denial of their joint motion to suppress evidence obtained from their vehicle and their hotel room. Finding no error, we affirm.

In considering the district court's denial of a motion to suppress, "[w]e review the district court's legal determinations *de novo* and its factual determinations for clear error." United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010). When the district court has denied a suppression motion, "we construe the evidence in the light most favorable to the government." Id. "We particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks omitted).

Appellants first challenge the traffic stop and evidence seized during the subsequent search of their vehicle. Consistent with the Fourth Amendment, a police officer may conduct a brief investigatory stop "when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968)). Reasonable suspicion requires an officer to have "a particularized and objective basis for suspecting legal wrongdoing" based on "the totality of the circumstances." United States v. Arvizu, 534 U.S. 266, 273 (2002) (internal quotation marks omitted). Officers may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." Id. (internal quotation marks omitted). With the above standards in mind, and upon review of the record, we conclude that the totality of the circumstances demonstrates that the officers had reasonable suspicion to believe that a drug transaction had occurred in Appellants' vehicle, justifying the traffic stop.

Turning to the vehicle search and seizure of evidence, Appellants contend that the warrantless search of Hope's purse, which was inside the vehicle, and her subsequent non-Mirandized questioning ran afoul of the Constitution. Appellants ignore

4

that "[t]here is a well-established exception to [the warrant] requirement . . . for automobile searches. Under this exception, '[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more.'" Kelly, 592 F.3d at 589 (quoting Pennsylvania v. Labron, 518 U.S. 938, 940 (1996) (citation omitted)). Moreover, "it is well settled that a positive alert from a drug detection dog, in and of itself, provides probable cause to search a vehicle."[1] United States v. Branch, 537 F.3d 328, 340 n.2 (4th Cir. 2008) (internal quotation marks omitted). Therefore, once the canine positively alerted to the presence of drugs in the vehicle, officers had probable cause to search the passenger compartment, including Hope's purse. See Kelly, 592 F.3d at 589-90 ("[O]nce police have probable cause, they may search 'every part of the vehicle and its contents that may conceal the object of the search.'") (quoting United States v. Ross, 456 U.S. 798, 825 (1982) (citation omitted)).

Appellants next contend that the police violated Hope's Miranda[2] rights by questioning her following the vehicle

---

[1] Appellants do not challenge the canine sniff of the vehicle, nor do they dispute that the canine positively indicated the presence of drugs in the vehicle.

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

search.  "[T]he Miranda safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent," which includes "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."  Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnote omitted).  We conclude that the detective's simple inquiry as to whether Appellants were staying at a particular hotel cannot be construed as "reasonably likely to elicit an incriminating response."  Thus, we conclude that Hope's statement was not elicited in violation of her Miranda rights.

Finally, Appellants challenge the search of their hotel room and the seizure of evidence found therein. Appellants' "fruit of the poisonous tree" argument is meritless in light of our resolution of their challenges to the vehicle search and seizure and Hope's questioning.  Appellants' second argument, that police illegally searched their hotel room and seized items prior to issuance of the search warrant, also is meritless.

Warrantless searches "'are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'"  United States v. Bush, 404 F.3d 263, 275 (4th Cir. 2005) (quoting Mincey v.

Arizona, 437 U.S. 385, 390 (1978)).  The independent source doctrine and the inevitable discovery doctrine are two distinct exceptions to the exclusionary rule.[3]  See Nix v. Williams, 467 U.S. 431, 443-44 (1984) (discussing doctrines).  The inevitable discovery doctrine allows admission of evidence "[i]f the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means."  Id. at 444.  Even if police illegally searched Appellants' hotel room and seized evidence prior to the issuance of the search warrant, the district court properly found that the evidence inevitably would have been lawfully discovered and seized during execution of the search warrant, which Appellants concede was valid.  Thus, this claim is meritless.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[3] While the district court discuss both doctrines, it is apparent that the court relied on the inevitable discovery doctrine to find that the hotel room evidence was admissible. Thus, we need not consider the applicability of the independent source doctrine.